IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 13-2072 (SLR) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S ANSWER TO DEFENDANT IBM'S COUNTERCLAIMS

Plaintiff Parallel Networks Licensing, LLC ("Parallel Networks") hereby responds to the Counterclaims filed by Defendant International Business Machines Corporation ("IBM") as follows:

### Answer to Affirmative and Other Defenses

53.     Parallel Networks denies the allegations in paragraph 53 of IBM's Counterclaims.

54.     Parallel Networks denies the allegations in paragraph 54 of IBM's Counterclaims.

55.     Parallel Networks denies the allegations in paragraph 55 of IBM's Counterclaims.

56.     Parallel Networks denies the allegations in paragraph 56 of IBM's Counterclaims.

57.     Parallel Networks denies the allegations in paragraph 57 of IBM's Counterclaims.

58.     Parallel Networks denies the allegations in paragraph 58 of IBM's Counterclaims.

59.     Parallel Networks denies the allegations in paragraph 59 of IBM's Counterclaims.

60.    Parallel Networks denies the allegations in paragraph 60 of IBM's Counterclaims.

61.    Parallel Networks denies the allegations in paragraph 61 of IBM's Counterclaims.

62.    Parallel Networks denies the allegations in paragraph 62 of IBM's Counterclaims.

63.    Parallel Networks denies the allegations in paragraph 63 of IBM's Counterclaims.

64.    Parallel Networks lacks knowledge or information sufficient to form a belief about the truth of IBM's allegations in Paragraph 64; therefore, Parallel Networks denies the allegations in paragraph 64 of IBM's Counterclaims.

65.    Parallel Networks admits the allegations in paragraph 65 of IBM's Counterclaims.

66.    Parallel Networks denies the allegations in paragraph 66 of IBM's Counterclaims.

67.    Parallel Networks denies the allegations in paragraph 67 of IBM's Counterclaims.

68.    Parallel Networks denies the allegations in paragraph 68 of IBM's Counterclaims.

## Answer to Counterclaims

### The Parties

69.    Parallel Networks admits the allegations in paragraph 69 of IBM's Counterclaims.

70.    Parallel Networks admits the allegations in paragraph 70 of IBM's Counterclaims.

### Jurisdiction and Venue

71.    Parallel Networks admits that IBM's Counterclaims purport to set forth an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies that there are any factual or legal bases for IBM's Counterclaims.

72.     Parallel Networks admits that this Court has subject matter jurisdiction over IBM's Counterclaims.

73.     Parallel Networks admits that venue is proper in the District of Delaware.

**Background**

74.     Parallel Networks admits the allegations in paragraph 74 of IBM's Counterclaims.

75.     Parallel Networks admits the allegations in paragraph 75 of IBM's Counterclaims.

76.     Parallel Networks admits the allegations in paragraph 76 of IBM's Counterclaims.

77.     Parallel Networks admits the allegations in paragraph 77 of IBM's Counterclaims.

78.     Parallel Networks admits the allegations in paragraph 78 of IBM's Counterclaims.

79.     Parallel Networks admits that the PTO issued an *ex parte* reexamination certificate for the '554 patent on July 24, 2012.  Parallel Networks denies the remaining allegations in paragraph 79 of IBM's Counterclaims.

80.     Parallel Networks admits that the PTO issued a Certificate of Correction for the '554 patent dated October 2, 2012.  Parallel Networks denies the remaining allegations in paragraph 80 of IBM's Counterclaims.

81.     Parallel Networks admits the allegations in paragraph 81 of IBM's Counterclaims.

82.     Parallel Networks denies the allegations in paragraph 82 of IBM's Counterclaims.

83.     Parallel Networks was aware of a WebSphere Application Server product. Parallel Networks denies the remaining allegations in paragraph 83 of IBM's Counterclaims.

84.     Parallel Networks admits the allegations in paragraph 84 of IBM's Counterclaims.

85.     Parallel Networks admits the allegations in paragraph 85 of IBM's Counterclaims.

86.     Parallel Networks admits the allegations in paragraph 86 of IBM's Counterclaims.

87.     Parallel Networks admits the allegations in paragraph 87 of IBM's Counterclaims.

88.     Parallel Networks admits the allegations in paragraph 88 of IBM's Counterclaims.

89.     Parallel Networks admits that the PTO issued an *ex parte* reexamination certificate for the '335 patent on July 17, 2012.  Parallel Networks denies the remaining allegations in paragraph 89 of IBM's Counterclaims.

90.     Parallel Networks admits that the PTO issued a Certificate of Correction for the '335 patent dated September 11, 2012.  Parallel Networks denies the remaining allegations in paragraph 90 of IBM's Counterclaims.

91.     Parallel Networks admits the allegations in paragraph 91 of IBM's Counterclaims.

92.     Parallel Networks denies the allegations in paragraph 92 of IBM's Counterclaims.

93.     Parallel Networks was aware of a WebSphere Application Server product. Parallel Networks denies the remaining allegations in paragraph 93 of IBM's Counterclaims.

94.     Parallel Networks admits that Safelite Group, Inc. filed a third-party complaint against IBM and Oracle Corporation in Case No. 2:05-cv-00356 on January 26, 2006.  Parallel Networks denies the remaining allegations in paragraph 94 of IBM's Counterclaims.

95.     Parallel Networks admits that it filed suit against IBM for patent infringement of the '335 patent and the '554 patent on December 20, 2013.  Parallel Networks denies the remaining allegations in paragraph 95 of IBM's Counterclaims.

**COUNT I**
**Declaratory Judgment Of Noninfringement,**
**Invalidity, And Unenforceability Of The '554 Patent**

96.     Parallel Networks incorporates by reference its responses to the allegations contained in paragraphs 67 through 95 of IBM's Counterclaims as set forth above.

97.     Parallel Networks admits the allegations in paragraph 97 of IBM's Counterclaims.

98.     Parallel Networks denies the allegations in paragraph 98 of IBM's Counterclaims.

99.     Parallel Networks denies the allegations in paragraph 99 of IBM's Counterclaims.

100.    Parallel Networks denies the allegations in paragraph 100 of IBM's Counterclaims.

101.    Parallel Networks denies the allegations in paragraph 101 of IBM's Counterclaims.

102.    Parallel Networks denies the allegations in paragraph 102 of IBM's Counterclaims.

103.    Parallel Networks admits that a controversy exists between Parallel Networks and IBM.  Parallel Networks denies the remaining allegations in paragraph 103 of IBM's Counterclaims.

104.    Parallel Networks denies the allegations in paragraph 104 of IBM's Counterclaims.

01:15072933.1

## COUNT II
### Declaratory Judgment Of Noninfringement,
### Invalidity, And Unenforceability Of The '335 Patent

105.    Parallel Networks incorporates by reference its responses to the allegations contained in paragraphs 67 through 104 of IBM's Counterclaims as set forth above.

106.    Parallel Networks admits the allegations in paragraph 106 of IBM's Counterclaims.

107.    Parallel Networks denies the allegations in paragraph 107 of IBM's Counterclaims.

108.    Parallel Networks denies the allegations in paragraph 108 of IBM's Counterclaims.

109.    Parallel Networks denies the allegations in paragraph 109 of IBM's Counterclaims.

110.    Parallel Networks denies the allegations in paragraph 110 of IBM's Counterclaims.

111.    Parallel Networks denies the allegations in paragraph 111 of IBM's Counterclaims.

112.    Parallel Networks admits that a controversy exists between Parallel Networks and IBM.   Parallel Networks denies the remaining allegations in paragraph 112 of IBM's Counterclaims.

113.    Parallel Networks denies the allegations in paragraph 113 of IBM's Counterclaims.

01:15072933.1

**Answer to Prayer for Relief**

114.    Parallel Networks denies that IBM is entitled to any relief whatsoever in this action, either as prayed for in IBM's Counterclaims or otherwise.

115.    Parallel Networks further denies each and every allegation contained in IBM's Counterclaims to which it has not specifically responded.

OF COUNSEL

**McKool Smith, PC**

Douglas Cawley
Christopher Bovenkamp
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4940
*dcawley@mckoolsmith.com*
*cbovenkamp@mckoolsmith.com*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Monté T. Squire*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 57-6600
*apoff@ycst.com*
*msquire@ycst.com*
*gbrodzik@ycst.com*

*Attorneys for Plaintiff Parallel Networks
Licensing, LLC*

Dated: February 20, 2014

## **CERTIFICATE OF SERVICE**

I, Monté T. Squire, Esquire, hereby certify that on February 20, 2014, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jack B. Blumenfeld, Esquire
Rodger D. Smith II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*jblumenfeld@mnat.com*
*rsmith@mnat.com*

*Attorneys for Defendant International Business Machines Corporation*

I further certify that on February 20, 2014, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

John M. Desmarais, Esquire
Jon T. Hohenthaner, Esquire
Andrew G. Heinz, Esquire
Desmarais LLP
230 Park Avenue
New York, NY  10169
*jdesmarais@desmaraisllp.com*
*jhohenthaner@desmaraisllp.com*
*aheinz@desmaraisllp.com*

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP

*/s/ Monté T. Squire*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
*msquire@ycst.com*

*Attorneys for Plaintiff*

2