IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 13-2072 (SLR) (SRF) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT IBM'S OPENING BRIEF IN
SUPPORT OF ITS MOTION FOR SANCTIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for Defendant International
Business Machines Corporation*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Andrew G. Heinz
William D. Findlay
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

September 30, 2014

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................................1

SUMMARY OF ARGUMENT ..................................................................................................1

STATEMENT OF FACTS ........................................................................................................3

ARGUMENT ...........................................................................................................................6

I.    Parallel Networks' Assertion Of Causes Of Action To Protect Patent Rights It Does Not Possess Is Frivolous. ...............................................................6

II.    Parallel Networks' Assertion That Its Patent Claims Should Have Retroactive Effect To The Original Issue Dates Of The Patents-In-Suit Is Frivolous. ...........................................................................................................7

    A.    Parallel Networks Ignores The Express Provision Of 35 U.S.C. § 254 That Limits Its Infringement Causes Of Action To Those Arising After Its Patent Claims Issued In The Certificates Of Correction In Late 2012. ...............................................................8

    B.    Parallel Networks' Assertion That The Court Could Circumvent 35 U.S.C. § 254 By "Correcting" The Patents-In-Suit Is Frivolous. ...........9

    C.    Even If The Court Could "Correct" The Patents-In-Suit, 35 U.S.C. § 252 Would Expressly Limit Plaintiff's Infringement Causes Of Action To Those Arising After The Reexamination Certificates Issued In July 2012. ...............................................................11

CONCLUSION ......................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account,*
618 F.3d 277 (3d Cir. 2010)...................................................................................... 6

*Cordance Corp. v. Amazon.com, Inc.,*
C.A. No. 06-491-MPT, 2009 WL 2252556 (D. Del. July 28, 2009) ................................. 8

*Flexiteek Ams., Inc. v. PlasTEAK, Inc.,*
No. 08-60996-CIV, 2012 WL 5364263 (S.D. Fla. Sept. 10, 2012) .................................. 7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.,*
721 F.3d 1330 (Fed. Cir. 2013), *cert. denied*, 134 S.Ct. 2295 (2014) ........................... 2, 7

*Gould v. Control Laser Corp.,*
705 F.2d 1340 (Fed. Cir. 1983)................................................................................ 7

*Group One, Ltd. v. Hallmark Cards, Inc.,*
407 F.3d 1297 (Fed. Cir. 2005 .............................................................................. 11

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,*
897 F.2d 508 (Fed. Cir. 1990)............................................................................... 1, 6

*H-W Tech., L.C. v. Overstock.com, Inc.,*
758 F.3d 1329 (Fed. Cir. 2014)............................................................................. 9, 10

*I.T.S. Rubber Co. v. Essex Rubber Co.,*
272 U.S. 429 (1926)........................................................................................... 12

*Novo Indus., L.P. v. Micro Molds Corp.,*
350 F.3d 1348 (Fed. Cir. 2003)............................................................................. 8, 11

*Source Vagabond Sys. Ltd. v. Hydrapak, Inc.,*
753 F.3d 1291 (Fed. Cir. 2014)............................................................................. 1, 6

*Sw. Software, Inc. v. Harlequin Inc.,*
226 F.3d 1280 (Fed. Cir. 2000)............................................................................. 8, 9

*Tech. Innovations, LLC v. Amazon.com, Inc.,*
--- F. Supp. 2d ----, Civ. No. 11-690-SLR, 2014 WL 1292093 (D. Del. Mar. 31, 2014) ................................................................................................................ 6

*View Eng'g, Inc. v. Robotic Vision Sys.,*
208 F.3d 981 (Fed. Cir. 2000).............................................................................. 1, 6, 7

**Statutes**

35 U.S.C. § 252 ........................................................................................................... 3, 8, 12

35 U.S.C. § 254 ............................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 11 ............................................................................................................ *passim*

**Other Authorities**

MPEP § 2260.01 ..................................................................................................................... 9

MPEP § 608.01(n)(V) ........................................................................................................... 9

Defendant International Business Machines Corporation ("IBM") respectfully submits this brief in support of its motion for sanctions against Parallel Networks Licensing, LLC ("Parallel Networks") and its attorneys pursuant to Fed. R. Civ. P. 11.[1]

## NATURE AND STAGE OF THE PROCEEDINGS

Parallel Networks filed this action against IBM on December 20, 2013, accusing dozens of IBM products of infringing U.S. Patent No. 5,894,554 ("the '554 patent") and U.S. Patent No. 6,415,335 ("the '335 patent"). (D.I. 1.) Fact discovery closes May 29, 2015, and trial is scheduled to begin May 2, 2016.

## SUMMARY OF ARGUMENT

1.      "In patent lawsuits, '[d]efending against baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario Rule 11 contemplates.'" *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1298 (Fed. Cir. 2014) (quoting *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). Asserting infringement of non-existent patent claims epitomizes such a baseless claim. *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for 'infringement' ... of a *nonexistent* patent...."). Yet Parallel Networks charges forward with facially frivolous claims that IBM infringed its patent claims before they

---

[1]     Before filing this motion in connection with Parallel Networks' repeated frivolous filings arguing that its newly-added patent claims should be given retroactive effect to the original issue dates of the patents-in-suit, IBM served Parallel Networks with a motion for sanctions on September 3, 2014, in accordance with Fed. R. Civ. P. 11(c)(2). In response, Parallel Networks withdrew one of its several frivolous arguments, but refused to withdraw any of its other frivolous arguments or claims for pre-patent claim infringement. (D.I. 70–71.) And at the same time, Parallel Networks moved the Court to amend its briefing to add yet another frivolous argument (D.I. 70–71), discussed below in section II.B. Accordingly, because Parallel Networks has refused to withdraw its frivolous filings and claims, Rule 11 sanctions are warranted.

even issued. In doing so, Parallel Networks and its attorneys have filed repeated papers with this Court attempting to justify such "claims" through misdirection and by disregarding explicit statutory and case law. These repeated filings violate Rule 11 for several reasons.

2.       First, Parallel Networks' assertion of causes of action to protect patent rights that it does not possess, *i.e.*, rights pre-dating the issuance of the existing patent claims, is frivolous. Indeed, Parallel Networks was forced to cancel *every* issued claim during reexamination as invalid over the prior art and replace those claims with brand new substantially different and narrower claims in late 2012. Those earlier claims are thus void *ab initio* and a legal nullity. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013), *cert. denied*, 134 S.Ct. 2295 (2014). Parallel Networks thus has no cause of action pre-dating the issuance of its new claims in late 2012.

3.       Second, Parallel Networks' repeated arguments that its newly-added claims should be given retroactive effect to the original issue dates of the patents-in-suit directly contradicts the Patent Act and relevant case law. Specifically, 35 U.S.C. § 254 and Federal Circuit case law expressly limit the effect of Certificates of Correction—where the existing claims of the patents-in-suit first issued in late 2012—to causes of action thereafter arising.

4.       Third, Parallel Networks' assertion that the Court can circumvent the express provision of 35 U.S.C. § 254 by "correcting" the patents-in-suit to add the new claims to the Reexamination Certificates that issued in July 2012 is wrong as a matter of law. Courts may correct only obvious minor typographical errors that are evident from the face of the patent. No such minor typographical errors exist here. And Parallel Networks' motion to amend its filings to withdraw its previous argument concerning alleged "errors" (which Parallel Networks now acknowledges was wrong) with a brand new argument is itself frivolous, as the new alleged

2

"errors" identified by Parallel Networks are not even the errors it seeks to correct. And even if they were, adding brand new patent claims clearly does not meet the "obvious minor typographical and clerical errors" standard in any event.

5.    Finally, even if the Reexamination Certificates could be "corrected" to add the new claims as Parallel Networks wrongly asserts, 35 U.S.C. § 252 and the relevant case law would expressly limit the effect of those new claims to causes of action arising after the Reexamination Certificates issued in July 2012 because the new claims are obviously not "substantially identical" to the originally issued claims. Indeed, Parallel Networks was forced to cancel every originally issued claim during reexamination as invalid over the prior art and replace those claims with brand new substantially different and narrower claims.

6.    Parallel Networks' repeated frivolous filings and arguments demonstrates a bad faith effort to increase IBM's litigation costs. Parallel Networks and its attorneys should bear the expense that IBM has been forced to incur in responding to these baseless assertions. Accordingly, IBM respectfully requests that this Court impose sanctions against Parallel Networks and its attorneys under Fed. R. Civ. P. 11.

### STATEMENT OF FACTS

As discussed in IBM's Answering Brief In Opposition To Plaintiff's Motion To Compel and IBM's Motion For Partial Judgment On The Pleadings (D.I. 49–51), which are hereby incorporated by reference, none of the original claims of either patent-in-suit still exists, as they were all cancelled as invalid over the prior art and replaced in late 2012 with substantially different and narrower claims. (*See* D.I. 49 at 2–5 ("Statement of Facts").) Specifically, the existing claims of the '554 patent first issued through a Certificate of Correction on October 2, 2012 (D.I. 49, Ex. A at A12–17), and the existing claims of the '335 patent first issued through a Certificate of Correction on September 11, 2012 (D.I. 49, Ex. B at B13–20).

3

Despite the fact that no claims of either patent-in-suit exist for the time period before the Certificate of Corrections issued in late 2012, Parallel Networks has repeatedly asserted claims for alleged infringement before that time. At the onset, IBM informed Parallel Networks that these assertions were frivolous and that it would seek sanctions if Parallel Networks continued asserting infringement of non-existing patent claims:

Parallel Networks' assertion that it can seek damages for alleged infringement occurring before the current claims of the patents-in-suit even existed is frivolous. You might want to review both 35 U.S.C. section 252 and 254, as both bar claims arising before the current claims of the patents-in-suit were added. Note that if Parallel Networks continues down this course, we intend to seek appropriate sanctions, including attorney fees, etc.

(D.I. 31, Ex. J.) But Parallel Networks pushed ahead with its frivolous claims undeterred, resulting in numerous filings and arguments before the Court, including the following:

| Description | Date | Docket Nos. |
|---|---|---|
| Plaintiff's Motion For Teleconference To Resolve Discovery Disputes | June 13, 2014 | D.I. 30 |
| Plaintiff Parallel Networks' Letter Brief | June 18, 2014 | D.I. 31 |
| Defendant IBM's Letter Brief | June 19, 2014 | D.I. 32 |
| Teleconference Before The Honorable Sherry R. Fallon | June 23, 2014 | |
| Plaintiff Parallel Networks' Supplemental Letter Brief | July 9, 2014 | D.I. 33 |
| Defendant IBM's Supplemental Letter Brief | July 9, 2014 | D.I. 34 |
| Discovery Conference Before The Honorable Sherry R. Fallon | July 14, 2014 | |
| Plaintiff Parallel Networks Licensing LLC's Motion To Compel | July 25, 2014 | D.I. 45-46 |
| Defendant IBM's Answering Brief In Opposition To Plaintiff's Motion To Compel | August 11, 2014 | D.I. 49 |

4

| Description | Date | Docket Nos. |
|---|---|---|
| Plaintiff Parallel Networks Licensing, LLC's Reply Brief In Support Of Its Motion To Compel | August 21, 2014 | D.I. 54 |
| Defendant IBM's Motion For Partial Judgment On The Pleadings | August 11, 2014 | D.I. 50-51 |
| Plaintiff Parallel Networks Licensing, LLC's Answering Brief In Opposition To Defendant IBM's Motion For Partial Judgment On The Pleadings | August 28, 2014 | D.I. 55-56 |
| Defendants IBM's Reply In Support Of Its Motion For Judgment On The Pleadings | September 8, 2014 | D.I. 61 |
| Plaintiff Parallel Networks Licensing, LLC's Motion For Leave To Amend Its Complaint For Patent Infringement | August 28, 2014 | D.I. 57 |
| Defendant IBM's Opposition To Plaintiff's Motion For Leave To Amend Its Complaint | September 15, 2014 | D.I. 64 |
| Plaintiff Parallel Networks Licensing, LLC's Reply Brief In Support Of Its Motion For Leave To Amend Its Complaint | September 25, 2014 | D.I. 72 |
| Plaintiff's Motion To Correct And Amend Plaintiff's Motion To Compel And Plaintiff's Opposition To Defendant IBM's Motion For Partial Judgment On The Pleadings | September 23, 2014 | D.I. 70-71 |
| Defendant IBM's Opposition to Plaintiff Motion To Correct And Amend | TBD | TBD |
| Plaintiff's Reply In Support Of Its Motion To Correct And Amend | TBD | TBD |

As discussed below, Parallel Networks' repeated filings and arguments to the Court in support of its frivolous causes of action for alleged infringement of non-existent patent claims—particularly in the face of directly contradictory statutory and case law repeatedly pointed out by IBM—warrants sanctions under Fed. R. Civ. P. 11.

5

## ARGUMENT

"Rule 11(b)(2) mandates that, in any filing, counsel certifies he or she has made a reasonable inquiry that 'the claims, defenses, and other legal contentions are warranted by existing law.'" *Source Vagabond*, 753 F.3d at 1298 (quoting Fed. R. Civ. P. 11.) "In the Third Circuit, conduct violates Rule 11 if it is not 'objectively reasonable under the circumstances.'" *Tech. Innovations, LLC v. Amazon.com, Inc.*, --- F. Supp. 2d ----, Civ. No. 11-690-SLR, 2014 WL 1292093, at *7 (D. Del. Mar. 31, 2014) (quoting *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010).) In patent cases, "the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions, at least in the absence of a sound excuse or considerable mitigating circumstances." *View Eng'g*, 208 F.3d at 986. Parallel Networks cannot demonstrate a reasonable chance of proving the alleged pre-patent claim infringement at issue here. Sanctions should therefore be imposed under Fed. R. Civ. P. 11 to address the substantial time and expense IBM has been forced to incur responding to these frivolous assertions.

**I.     Parallel Networks' Assertion Of Causes Of Action To Protect Patent Rights It Does Not Possess Is Frivolous.**

As an initial matter, common sense dictates that Parallel Networks cannot assert causes of action to protect patent rights that it does not possess. *See, e.g.*, *Gustafson*, 897 F.2d at 510 ("It is obvious that a party cannot be held liable for 'infringement' ... of a ***nonexistent*** patent...."). The *only* existing claims of the patents-in-suit are those that first issued through the Certificates of Correction in late 2012. (D.I. 49, Exs. A–B.) Every earlier claim was expressly cancelled during reexamination of the patents-in-suit. ('554 patent: D.I. 49, Ex. A at A19 ("Claims 1-11 are

6

cancelled"), A12 ("delete claims 12-49"); '335 patent: D.I. 49, Ex. B at B22 ("Claims 1-28 and 29 are cancelled"), B13 ("delete claims 30-85").) These earlier claims are thus void *ab initio* and a legal nullity. *See, e.g.*, *Fresenius*, 721 F.3d at 1346 ("[I]n 1928, Congress acknowledged that *cancelled claims were void* **ab initio**.... And in 1980, it made that provision applicable to reexamination." (emphasis added)); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to *eliminate trial of that issue (when the claim is canceled)*...." (emphasis added)); *Flexiteek Ams., Inc. v. PlasTEAK, Inc.*, No. 08-60996-CIV, 2012 WL 5364263 at *9 (S.D. Fla. Sept. 10, 2012) ("By invalidating and *cancelling Claim 1*, the PTO rendered the sole claim of the [] Patent '*void* **ab initio**,' *a legal nullity*." (emphasis added)).

Accordingly, as the '554 patent has no patent claims pre-dating October 2, 2012, and the '335 patent has no patent claims pre-dating September 11, 2012, there can be no causes of action for infringement of the patents-in-suit before these dates. Plaintiff's continuing assertions of infringement before those dates are thus frivolous, warranting imposition of Rule 11 sanctions. *See View Eng'g*, 208 F.3d at 986 ("Failure to [demonstrate a reasonable chance of proving infringement] should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions.").

II.   **Parallel Networks' Assertion That Its Patent Claims Should Have Retroactive Effect To The Original Issue Dates Of The Patents-In-Suit Is Frivolous.**

Parallel Networks nonetheless repeatedly argues that its newly-added claims should be given retroactive effect to the original issue dates of the patents-in-suit so that it can assert infringement causes of action for the time period before the claims even existed. But Parallel Networks' assertions are frivolous for several reasons, discussed in more detail below. First, 35 U.S.C. § 254 and relevant Federal Circuit case law expressly limit the effect of Certificates of

7

Correction—where the existing claims of the patents-in-suit first issued—to causes of action *thereafter* arising. Second, Parallel Networks' assertion that the Court can circumvent the express provision of 35 U.S.C. § 254 by "correcting" the patents-in-suit to add the new claims is wrong as a matter of law. Finally, even if the Reexamination Certificates could be "corrected" to add the new claims as Parallel Networks wrongly asserts, 35 U.S.C. § 252 and the relevant case law would expressly limit the effect of those new claims to causes of action arising after the Reexamination Certificates issued in July 2012. Parallel Networks' repeated assertions to the contrary are frivolous and warrant imposition of Rule 11 sanctions.

**A.    Parallel Networks Ignores The Express Provision Of 35 U.S.C. § 254 That Limits Its Infringement Causes Of Action To Those Arising After Its Patent Claims Issued In The Certificates Of Correction In Late 2012.**

The Patent Act is unambiguous—Certificates of Correction "shall have the same effect and operation in law on the trial of actions for *causes thereafter arising*...." 35 U.S.C. § 254 (emphasis added). The term of the newly-added claims is thus *specifically limited by statute* to causes of action arising after the Certificates of Correction issued—September 11, 2012, for the '335 patent and October 2, 2012, for the '554 patent.

Consistent with the plain language of the statute, the Federal Circuit has confirmed that a "certificate of correction is *only effective for causes of action arising after it was issued.*" *Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1294 (Fed. Cir. 2000) (emphasis added); *see also Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356 (Fed. Cir. 2003); *Cordance Corp. v. Amazon.com, Inc.*, C.A. No. 06-491-MPT, 2009 WL 2252556 at *3 (D. Del. July 28, 2009) ("Cordance cannot claim damages for infringement on the pre-August 29, 2006 uncorrected claims of the '710 patent because the PTO corrections do not apply retroactively"). Indeed, the Federal Circuit in *Southwest Software* flatly rejected a patent holder's argument "that the certificate of correction should be treated as if it were effective on the day the [] patent

8

issued" as an unnatural reading of the statute that "could produce an illogical and unworkable result." *Sw. Software*, 226 F.3d at 1295.

Accordingly, because the existing claims first issued with the Certificates of Correction (D.I. 49, Exs. A–B), Parallel Networks' assertions of infringement for the time period pre-dating the Certificates of Correction are expressly prohibited by statute and case law. Parallel Networks' repeated disregard of the relevant law in asserting such claims is frivolous and warrants imposition of sanctions. *See* Fed. R. Civ. P. 11.

**B.    Parallel Networks' Assertion That The Court Could Circumvent 35 U.S.C. § 254 By "Correcting" The Patents-In-Suit Is Frivolous.**

Parallel Networks seeks to circumvent 35 U.S.C. § 254 by asserting that the Court could "correct" the Reexamination Certificates to add the new claims to the patents retroactively in lieu of the Certificates of Correction. But the law is clear that "[a] district court can correct a patent *only* if, among other things, 'the error is evident from the face of the patent.'" *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1333 (Fed. Cir. 2014) (citation omitted and emphasis added). That is clearly not the situation here.

In its earlier briefs, Parallel Networks' sole basis for asserting that any errors "are apparent on the faces of the patents" was that dependent claims in the Reexamination Certificates depend from cancelled independent claims. (D.I. 55 at 10.) But as IBM pointed out to Parallel Networks (D.I. 49 at 11), this does not evidence any error whatsoever, as the Patent Office rules expressly permit claims in a Reexamination Certificate to depend from previously-issued cancelled claims (D.I. 49, Ex. E, MPEP § 2260.01) and it is standard reexamination practice to allow claims that depend from previously existing cancelled independent claims, such as those that appear in the Reexamination Certificates here. Several examples of such Reexamination Certificates are attached hereto as Exhibit A. Parallel Networks initially disregarded MPEP

9

§ 2260.01 and misdirected the Court to inapplicable provision 608.01(n)(V) (D.I. 55 at 10), which applies to examination of an initial patent application, *not* reexamination procedures. (Ex. B.) But in response to IBM's motion for sanctions, Parallel Networks has now withdrawn its frivolous argument that an error was apparent from the fact that dependent claims in the Reexamination Certificates depend from cancelled independent claims. (D.I. 70–71.)

Parallel Networks nonetheless continues pressing its other frivolous arguments and assertion that its newly-added claims should be given retroactive effect to the original issue dates of the patents-in-suit. And Parallel Networks violates Rule 11 yet again by filing yet another motion on this very issue, seeking to add a brand new theory for why errors in the Reexamination Certificate claims are allegedly evident on the face the patent. (*See* D.I. 70–71.) But while Rule 11 permits the withdrawal or correction of otherwise sanctionable filings, *see* Fed. R. Civ. P. 11(c)(2), it does not provide for replacing frivolous arguments with brand new arguments that could have been raised earlier. *Id.*

Further, Parallel Networks' new argument is just as frivolous as its old one. In that regard, Parallel Networks now asserts that an error is apparent from the face of the patents because there is no antecedent basis for the term "the plurality of page servers" in dependent claims 28, 29, and 30 of the Reexamination Certificate of the '554 patent and dependent claims 48, 49, and 50 of the Reexamination Certificate of the '335 patent. (D.I. 71, Ex. A at 12, Ex. B at 5 and 11.) But this is not the error that Parallel Networks seek to correct, and is thus irrelevant to the issue here. *See H-W Tech.*, 758 F.3d at 1333 ("A district court can correct a patent *only* if, among other things, '*the error* is evident from the face of the patent.") (citation omitted and emphasis added). Indeed, Parallel Networks has not sought to correct an antecedent basis error in claims 28, 29, and 30 of the '554 patent and claims 48, 49, and 50 of the '335 patent, but rather,

seeks to entirely replace every claim appearing in the Reexamination Certificates with brand new claims. Parallel Networks has identified no error on the face of the patents evidencing such a major error with every patent claim.

Moreover, even if it was apparent from the face of the patents-in-suit that every claim that issued with the Reexamination Certificates was the wrong claim, adding entirely new claims to a patent is not the type of correction to a patent that courts are permitted to make in any event. Indeed, courts can correct only "obvious minor typographical and clerical errors in patents." *Novo Indus.*, 350 F.3d at 1357. Adding entirely new claims to a patent falls far outside the type of ***minor*** errors that may be corrected. And the correction itself must be apparent from the patent itself—"[a] district court can correct a patent only if (1) the correction is not subject to reasonable debate based on ***consideration of the claim language and the specification*** and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Indus.*, 350 F.3d at 1357 (emphasis added); *see also Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) (finding that "[t]he district court does not have authority to correct the patent" where "one cannot discern what language is missing simply by reading the patent."). Adding brand new patent claims does not even come close to meeting this standard.

Parallel Networks' arguments—both old and new—that the Court could circumvent the express provisions of 35 U.S.C. § 254 by "correcting" the patents are therefore frivolous.

C.    **Even If The Court Could "Correct" The Patents-In-Suit, 35 U.S.C. § 252 Would Expressly Limit Plaintiff's Infringement Causes Of Action To Those Arising After The Reexamination Certificates Issued In July 2012.**

Even if there existed a legal basis for correcting the Reexamination Certificates of the patents-in-suit to add the new claims shown in the later Certificates of Correction, which there is not, Parallel Networks' assertion of pre-2012 infringement is frivolous for yet another reason. In that regard, the Patent Act expressly limits the effect of claims added or amended during

11

reexamination to "causes thereafter arising" unless the claims are "substantially identical" to the original claims. 35 U.S.C. § 252.

As set forth in IBM's Answering Brief In Opposition To Plaintiff's Motion To Compel (D.I. 49), Parallel Networks was forced to cancel every original claim during reexamination because the Patent Office found them invalid over the prior art. Parallel Networks then added new claims with numerous additional limitations that were not in the original claims and *relied on those new limitations to distinguish the prior art*. (*See* D.I. 49 at 2–5 ("Statement of Facts"), Exs. C–D.) Parallel Networks nonetheless now makes the incredible assertion that the original claims (that the Patent Office found invalid over the prior art) and the new claims (that include numerous additional limitations that Parallel Networks relied upon to distinguish the prior art and gain allowance) are "substantially identical." This assertion is frivolous on its face.

Moreover, the Supreme Court has ruled that patentees are estopped from arguing that claims narrowed in response to a Patent Office rejection, such as those here, have the same scope as the original claims:

> *Whether the examiner was right or wrong in rejecting the original claim, the court is not to inquire.* The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor, especially such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and looked upon as disclaimers. *The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto.*

*I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429, 443–44 (1926) (emphasis added). Parallel Networks' assertion that the new claims are "substantively identical" to the original cancelled claims is frivolous for this additional reason.

12

Accordingly, even if there was a legal basis for the Court to "correct" the patents-in-suit to add the new patent claims to the Reexamination Certificates, which there is not, Parallel Networks' assertion that those claims would have effect before the Reexamination Certificates issued in July 2012 is also frivolous. Rule 11 sanctions are warranted for this additional reason.

## CONCLUSION

For the foregoing reasons, Defendant IBM respectfully requests that this Court sanction Parallel Networks and its attorneys pursuant to Fed. R. Civ. P. 11 and award IBM its reasonable attorneys' fees, costs, and expenses incurred in responding to Parallel Networks' pre-Certificate of Correction infringement claims, including without limitation, those incurred in connection with this motion and the filings and proceedings identified above in the Statement of Facts.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for Defendant International Business Machines Corporation*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Andrew G. Heinz
William D. Findlay
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

September 30, 2014

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 30, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Adam W. Poff, Esquire<br>Monté T. Squire, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Douglas Cawley, Esquire<br>Christopher Bovenkamp, Esquire<br>Eric S. Hansen, Esquire<br>Avery R. Williams, Esquire<br>MCKOOL SMITH, PC<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela M. Vorpahl, Esquire<br>MCKOOL SMITH, PC<br>1 Bryant Park, 47th Floor<br>New York, NY 10036<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Leah Bhimani Buratti, Esquire<br>John B. Campbell, Esquire<br>MCKOOL SMITH, PC<br>300 West 6th Street, Suite 1700<br>Austin, TX 78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

Jack B. Blumenfeld (#1014)