IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-2072-SLR |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) | |
| Defendant, | ) ) ) | |

Adam W. Poff, Esquire and Monté T. Squire, Esquire of Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Douglas Cawley, Esquire, Christopher Bovenkamp, Esquire, Angela M. Vorpahl, Esquire, Eric S. Hansen, Esquire, and Leah Bhimani Buratti, Esquire of McKool Smith, PC.

Jack B. Blumenfeld, Esquire and Rodger D. Smith II, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Defendant. Of Counsel: John M. Desmarais, Esquire, Jon T. Hohenthaner, Esquire, Andrew G. Heinz, and William D. Findlay, Esquire of Desmarais LLP.

**MEMORANDUM OPINION**

Dated: March 17, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On December 20, 2013, plaintiff Parallel Networks Licensing LLC ("plaintiff") filed the instant suit alleging infringement of U.S. Patent Nos. 5,894,554 ("the '554 patent") and U.S. Patent No. 6,415,335 ("the '335 patent") against International Business Machines Corporation ("defendant"). (D.I. 1) On February 12, 2014, defendant answered the complaint and counterclaimed for non-infringement and invalidity. (D.I. 9) On February 20, 2014, plaintiff answered the counterclaims. (D.I. 11) Presently before the court is defendant's motion for partial judgment on the pleadings. (D.I. 50) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## II. STANDARD OF REVIEW

When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). The motion can be granted only if no relief could be afforded under any set of facts that could be provided. *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991); *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Ctr.*, 536 F. Supp. 1065, 1072 (E.D. Pa. 1982) ("If a complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiff's claim for relief, motions for judgment on the pleadings should be denied."). However, the court need not adopt conclusory allegations or statements of law. *In re General Motors Class E*

*Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1125 (D. Del. 1988). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

## III. DISCUSSION

Both patents-at-issue were placed into reexamination in 2007, during which plaintiff proposed a variety of amendments to the United States Patent and Trademark Office ("PTO"). (D.I. 55 at 4) After three ex parte reexamination proceedings, the PTO issued a reexamination certificate on July 24, 2012 for the '554 patent, stating that "[c]laims 1-11 are cancelled [and] [n]ew claims 12-49 are added and determined to be patentable." (D.I. 108, ex. 1 at A19-A21) New claims 12-49, as printed in the reexamination certificate, were the wrong set of claims.[1] (D.I. 55 at 4) On October 2, 2012, the PTO issued a certificate of correction, replacing claims 12-49 with corrected claims 12-49.[2] (D.I. 108, ex. 1 at A13-A18) The '335 patent was also subject to three

---

[1] For example, claim 12 recited, "[t]he computer-implemented method of claim 1, wherein intercepting said request consists of determining that a page server should process the request." (D.I. 108, ex. 1 at A20)

[2] Corrected claim 12 recites:
>A computer-implemented method for managing a dynamic Web page generation request to a Web server, said computer-implemented method comprising the steps of:
>   routing said request from said Web server to a selected page server, said selected page server receiving said request and releasing said Web server to process other requests, wherein said routing step further includes the steps of intercepting said request at said Web server, routing said request from said Web server to a dispatcher, and dispatching, by said dispatcher, said request to said selected page server;
>   processing said request, said processing being performed by said selected page server while said Web server concurrently processes said other requests; and

2

ex parte reexamination proceedings, after which the PTO issued a reexamination certificate on July 17, 2012, cancelling all 29 originally issued claims and adding new claims 30-85 which, again, were incorrect. (D.I. 108, ex. 2, A43-45) The PTO then issued a certificate of correction on September 11, 2012, replacing claims 30-85 with corrected claims 30-85. (*Id.* at ex. 2, A35-A42)

In the case of an error made by the PTO, § 254 of the Patent Act provides:

> Whenever a mistake in a patent, incurred through the fault of the Patent and Trademark Office, is clearly disclosed by the records of the Office, the Director may issue a certificate of correction stating the fact and nature of such mistake, under seal, without charge, to be recorded in the records of patents. A printed copy thereof shall be attached to each printed copy of the patent, and such certificate shall be considered as part of the original patent. Every such patent, together with such certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form. The Director may issue a corrected patent without charge in lieu of and with like effect as a certificate of correction.

35 U.S.C. § 254.

---

> dynamically generating a Web page by said selected page server in response to said request, said Web page including data dynamically retrieved from one or more data sources; and
> wherein dispatching includes:
> examining said request to make a selection of which page server should process said request from among a plurality of page servers that can each generate said Web page requested by said request;
> selecting one of said plurality of page servers to dynamically generate said Web page;
> wherein said selection is based on examining dynamic information regarding a load associated with each of said plurality of page servers; and
> sending said request to said selected page server based on said examination.

(D.I. 108, ex. 1 at A13)

3

The Federal Circuit has interpreted § 254, explaining that "[t]he certificate of correction is only effective for causes of action arising after it was issued." *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1294 (Fed. Cir. 2000). Moreover, §§ 254 and 255[3] "deal only with the authority of the PTO to make prospectively effective corrections, and the PTO was given no authority to correct the claims retroactively." *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356 (Fed. Cir. 2003). "For causes of action that arise before the correction becomes effective, the patent must be considered without the benefit of the certificate of correction." *Id.* (citing *Southwest*, 226 F.3d at 1297). In the case at bar, plaintiff has asserted infringement based on the corrected claims, but seeks damages for infringement occurring prior to the date of correction by the PTO. Based on the statutory language, plaintiff may not recover damages prior to the date of correction.

Plaintiff contends that the court should judicially correct the patent claims (as the PTO did) and apply them retroactively to permit its requested damage award. The Federal Circuit has specified that "[a]lthough we conclude that Congress intended to preserve the authority of the district courts to correct errors, we do not think that Congress intended that the district courts have the authority to correct any and all errors that the PTO would be authorized to correct under sections 254 and 255." *Novo*, 350 F.3d at 1357. District courts may correct "obvious minor typographical and clerical errors in patents," but "major errors are subject only to correction by the PTO." *Id.* Therefore,

> [i]n some circumstances the district court can correct errors retroactively. But the district court can correct an error only if the error is evident from

---
[3] Providing for corrections of mistakes by the patentee.

4

the face of the patent. "A district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."

*Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) (citing *Novo Industries*, 350 F.3d at 1357-58).

In *Group One*, a printing error by the PTO resulted in the last limitation of a claim[4] reciting "stripping means (36) for separating the ribbon from said mechanical drive wheel means," instead of "stripping means (36) for separating the ribbon from said mechanical drive wheel means in order to prevent said ribbon from adversely affecting operation of said mechanical drive wheel means by adhering to said mechanical drive wheel means." 407 F.3d at 1302. The Federal Circuit concluded that such error was "not evident on the face of the patent. The prosecution history disclose[d] that the missing language was required to be added by the examiner as a condition for issuance, but one cannot discern what language is missing simply by reading the patent." *Id.* at 1303. In *H-W Technology, L.C. v. Overstock.com, Inc.*, 758 F.3d 1329 (Fed. Cir. 2014), the PTO issued a patent, inadvertently omitting an entire limitation of a claim.[5] *Id.* at 1333. The Federal Circuit held that the district court properly refused to

---

[4] Claim 1 of U.S. Patent No. 5,518,492.
[5] The approved claim 9 recited:

> A method for performing contextual searches on an Internet Phone (IP) phone comprising the steps of:
> receiving a command to perform a contextual search;
> receiving search criteria from a user of said IP phone;
> submitting said search criteria to a server coupled to said IP phone; and
> receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list;

5

correct claim 9 because "the error is not 'evident from the face of the patent.' Claim 9 reads coherently without the missing limitation. Nothing in the surrounding claim language indicates that the limitation was missing." *Id.* In contrast, in *Hoffer v. Microsoft Corp.*, 405 F.3d 1326 (Fed. Cir. 2005), claim 22 of the patent-at-issue recited "[a] method in accordance with claim 38 . . . ." *Id.* at 1331. The patent contained 25 claims and the Federal Circuit concluded that the "error in dependency of claim 22 is apparent on the face of the printed patent, and the correct antecedent claim is apparent from the prosecution history." *Id.*

In the case at bar, the entire set of claims in the certificate of reexamination for each patent-at-issue was incorrect, requiring an entirely new set of claims to be printed in the certificate of correction. That the claims in the certificate of reexamination depended on cancelled claims[6] is permitted by PTO rules and, thus, not indicative of an error. (D.I. 61 at 4; D.I. 49, ex. E, MPEP § 2260.01) Plaintiff argues[7] that claims 28, 29, and 30 of the '554 patent reexamination certificate (printed as dependent on

---

    **wherein said user completes a transaction with at least one of said merchants listed without the need to generate a voice call;**
    wherein said information received by said user comprises a variety of offers, wherein said user selects one of said variety of offers associated with said one of said merchants listed, wherein said selected offer is transmitted to said one of said merchants listed electronically; and
    wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is available to said one of said merchants listed.

The PTO omitted the bolded limitation. *H-W Technology*, 758 F.3d at 1333.
[6] A theory initially asserted by plaintiff to demonstrate error on the face of the patent. (D.I. 55 at 10)
[7] The court recognizes that such argument is the subject of plaintiff's opposed motion to correct the briefing, but includes it for completeness. (D.I. 70; D.I. 71 at ex. B at 6)

cancelled claim 1) contain "obvious errors" because claim 1 refers to "a page server" and "said page server," and claims 28, 29, and 30 refer to "the plurality of page servers."[8] (D.I. 71 at ex. B at 6) Such error, calling into question the antecedent basis of a limitation, does not put a potential infringer on notice of an error on the face of the patent that would require an entire new set of claims. That the corrected claims appear in the prosecution history is also insufficient.[9] *H-W Technology*, 758 F.3d at 1334 (finding that "evidence of error in the prosecution history alone [is] insufficient to allow the district court to correct the error."); *Linear Tech. Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1154-55 (N.D. Cal. 2005) (The court declined to correct a patent by adding missing claims, where the text of the amended claims was omitted from the certificate of reexamination, even though the claims were present in the public record of the reexamination history. The court explained that "as in *Southwest Software*, the district court must look in the prosecution history for the text of the amended claims. The error in [plaintiff]'s patent cannot be discerned 'simply by reading the patent.'"). The error in the case at bar, the printing of the wrong set of claims, is not "evident from the face of the patent."

Indeed, it is important to remember that the claims and specification of a patent serve an important public notice function, apprising others of what is available to them.

---

[8] Claims 48-50 of the '335 patent reexamination certificate (printed as dependent on cancelled claim 1) likewise refer to "the plurality of page servers" and claim 1 referred to "a page server" and "said page server."
[9] Interestingly, the attorney representing plaintiff in the reexamination proceedings stated that "[i]t appeared that the USPTO had instead printed claims from early in the reexamination process, although I was never able to determine exactly where in the reexamination history the USPTO found the claims that it printed in each of the Reexamination Certificates." (D.I. 87, Fish Decl. at ¶ 4)

7

See, e.g., *Johnson & Johnston Associates Inc. v. R.E. Service Co., Inc.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002) (citing *Mahn v. Harwood*, 112 U.S. 354, 361 (1884)) (claims give notice to the public of the scope of the patent); *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1371 (Fed. Cir. 2001). While recognizing the harsh result to plaintiff of the PTO's error, the court concludes that it cannot correct the errors in the patents-in-suit, therefore, plaintiff may not recover damages for alleged infringement occurring prior to the issuance of the certificates of correction.

## V. CONCLUSION

For the reasons explained above, the court grants defendant's motion for partial judgment on the pleadings (D.I. 50).