IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 13-2072-SLR |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Defendant, | ) ) ) | |
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 13-2073-SLR |
| MICROSOFT CORPORATION, | ) ) ) | |
| Defendant, | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of April, 2015, having heard argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of U.S. Patent Nos. 5,894,554 ("the '554 patent") and 6,415,335 ("the '335 patent") shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. **"Web page:"** "Web content on the World Wide Web, displayable by a Web browser." The specification explains that a Web page is dynamically generated and

includes "data dynamically retrieved from one or more data sources." (2:30-32; 6:27-32) The data can be retrieved "from more than one data source and [the page server] incorporate[s] the data from these multiple data sources in a single Web page." (5:45-47) Thus, the specification illustrates that the Web page may be static or dynamic, and may contain "any combination of graphics, audio, video and text . . . ." (1:18-20; 2:30-32; 6:27-32; 8:39-51) The Web pages are accessible via "client machines running Web browsers" and "the Web browser receives and displays the HTML document created by the Page server . . . ." (1:25-26; 8:49-50)

2. **"Web server:"** "Software, or a machine having software, that receives Web page requests and returns Web pages in response to the requests." Defendant's additional proposed language, "generates or locates Web pages," is duplicative of the claim language, e.g., "said Web server concurrently processes said other requests." ('554 patent, claim 12) The specification also illustrates that the Web server is "free to continue servicing client requests." (5:16-18)

3. **"Releasing said Web server to process other requests:"** "Freeing the Web server to process other requests." The parties dispute whether the Web server is "automatically" free to process other requests when a request is routed to the page server, or whether the page server must somehow "release" the Web server.[1] The specification describes an embodiment, where

> [b]y routing the request to Dispatcher 402 residing on a different machine than the Web server executable 201(E), the request can then be processed by a different processor than the Web server executable 201(E). Web server executable 201(E) is thus free to continue servicing client requests on Web server 201 while the request is processed "off-line," at the machine on which Dispatcher 402 resides.

---

[1] The prosecution history on reexamination, cited by defendant, does not support defendant's position. (D.I. 108 at A787) Moreover, the court respectfully disagrees with

2

(5:9-19) The claim language "said selected page server receiving said request and releasing said Web server to process other requests" does not require an overt act by the page server to release the Web server. (*See e.g.*, '554 patent, claim 12)

4. **"Machine readable medium:"** "Non-transitory medium readable by a machine." The claim language and specification describe this limitation as a form of storage medium accessible by a computer system for executing a program. For example, mass storage devices such as "a hard disk, a floppy disk, a CD-ROM, a magnetic tape, or other magnetic or optical data storage medium." (3:39-41)

5. The court has provided a construction in quotes for the claim limitations at issue. The parties are expected to present the claim construction to the jury consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes.

_____
United States District Judge

---

the position that the plain language - "said page server receiving said request and releasing said Web server to process other requests" - requires the page server to perform some affirmative action to "release" the Web server. Absent expert testimony that the word "releasing," in the technical context of the patent, should be given something other than its ordinary meaning, the court concludes that the claim language means no more than that the page server handles requests, thereby freeing the Web server to handle other requests.