IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-2072-SLR |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) | |
| Defendant, | ) | |

**MEMORANDUM**

At Wilmington this |0r day of September, 2015, having reviewed defendant International Business Machines Corporation's ("defendant") motion for sanctions (D.I. 75), and the papers filed in connection therewith; the court issues its decision based on the following reasoning:

1. **Background.** On December 20, 2013, plaintiff Parallel Networks Licensing LLC ("plaintiff") filed the instant suit alleging infringement of U.S. Patent No. 5,894,554 and U.S. Patent No. 6,415,335 (collectively "the patents-in-suit") against defendant. (D.I. 1) On February 12, 2014, defendant answered the complaint and counterclaimed for non-infringement and invalidity. (D.I. 9) On February 20, 2014, plaintiff answered the counterclaims. (D.I. 11) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** Rule 11 of the Federal Rules of Civil Procedure allows a court to sanction a party or attorneys under limited circumstances. A court can award sanctions if a party or attorney has presented a motion for an "improper purpose," the claims or

defenses put forth in a motion are frivolous, the claims in a motion are not likely to be supported by the evidence after investigation, or a party wrongfully denies a factual allegation. *Brown v. Interbay Funding, LLC*, Civ. No. 04-617, 2004 WL 2579596, at *2 (D. Del. Nov. 8, 2004); see Fed. R. Civ. P. Rule 11(b). In a patent case, the law of the regional circuit applies to the imposition of Rule 11 sanctions. *See Power Mosfet Techs., LLC. v. Siemens AG*, 378 F.3d 1396, 1406-07 (Fed. Cir. 2004). In the Third Circuit, conduct violates Rule 11 if it is not "objectively reasonable under the circumstances." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010).

3. **Analysis.** During the course of the present litigation, defendant maintained that no claims for infringement of the patents-in-suit existed for the time period before the issuance of the certificates of correction in 2012 ("pre-2012").[1] (D.I. 76 at 4) Plaintiff disagreed and sought related discovery; the resulting discovery dispute culminated in a motion to compel filed on July 25, 2014.[2] (D.I. 45) On August 11, 2014, defendant filed a motion for partial judgment on the pleadings, seeking to prevent plaintiff from recovering pre-2012 damages. (D.I. 50) On August 28, 2014, plaintiff filed a motion for leave to amend the complaint to plead the basis for pre-2012 recovery. (D.I. 57) On September 23, 2014, plaintiff filed a motion to correct and amend its motion to compel and its opposition to defendant's motion for partial judgment on the pleadings, seeking to clarify certain arguments. (D.I. 70) On September 30, 2014, defendant filed the present motion for sanctions. (D.I. 75)

---

[1] The procedural history of the patents-in-suit is described in the court's opinion dated March 17, 2015. (D.I. 182)
[2] Referred to Magistrate Judge Fallon. (D.I. 20)

2

4. In its opinion and order dated March 17, 2015, the court addressed defendant's motion for partial judgment on the pleadings,[3] concluding that it could not correct the errors in the patents-in-suit. (D.I. 182; D.I. 183) The court's decision steered the analysis of the other outstanding motions. On August 20, 2015, the court issued an opinion and order granting in part and denying in part the motion to compel (D.I. 45), and denying as moot the motion for leave to amend the complaint to plead the basis for pre-2012 recovery (D.I. 57) and the motion to correct and amend plaintiff's motion to compel (D.I. 70).

5. The arguments in each of the above motions centered on the core dispute between the parties, that is, whether the court could correct the errors in the patents-in-suit. The court considered plaintiff's legal arguments and found, after analyzing the case law, that it could not correct the errors. The court also recognized the harshness of the result, i.e., denial of recovery of pre-2012 damages. (D.I. 182) While defendant may disagree with plaintiff's arguments advanced in the instant motion practice, such arguments were "objectively reasonable under the circumstances" and the motions were not "patently unmeritorious or frivolous." *Ario*, 618 F.3d at 297 (citation omitted) (Rule 11 "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and it "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.").

---

[3] And the motion to correct and amend plaintiff's opposition to the motion for partial judgment on the pleadings.

3

6. **Conclusion.** For the aforementioned reasons, defendant's motion for sanctions (D.I. 75) is denied.

_____
United States District Judge