IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PARALLEL NETWORKS LICENSING, )
LLC, )
                                                     )
                Plaintiff, )
                                       )    Civil Action No. 13-2072 (KAJ)
v. )
                                                     )
INTERNATIONAL BUSINESS )
MACHINES CORPORATION, )
                                                   )
                Defendants. )

MEMORANDUM OPINION

Adam W. Poff, Esq., Pilar G. Kraman, Esq., Young Conaway Stargatt & Taylor, 1000 N. King Street, Wilmington, DE 19801, *Counsel for Plaintiffs*
    Of Counsel:    Douglas A. Cawley, Esq., Christopher T. Bovenkamp, Esq., Eric S. Hansen, Esq., Avery R. Williams, Esq., Justin W. Allen, Esq., McKool Smith, PC, 300 Crescent Court – Ste. 1500, Dallas, TX 75201
                           Angela M. Vorpahl, Esq., McKool Smith, PC, 1 Bryant Park – 47th Fl., New York, NY 10036
                           John B. Campbell, Esq., Leah Bhimani Buratti, Esq., Kevin P. Hess, Esq., McKool Smith, PC, 300 W. 6th Street – Ste. 1700, Austin, TX 78701

Jack B. Blumenfeld, Esq., Rodger D. Smith, II, Esq., Jeremy A. Tigan, Esq., Morris, Nichols, Arsht & Tunnell, LLP, 1201 North Market Street, P.O.. Box 1347, Wilmington, DE 19899, *Counsel for Defendants*
    Of Counsel:    John M. Desmarais, Esq., Jon T. Hohenthaner, Esq., Andrew G. Heinz, Esq., Jeffrey S. Seddon, II, Esq., William D. Findlay, Esq., Desmarais LLP, 230 Park Avenue, New York, NY 10169

July 31, 2017
Wilmington, Delaware



JORDAN, Circuit Judge, sitting by designation

I. **Introduction**

On April 27, 2017, I entered final judgment of non-infringement for IBM in this patent infringement case. (Docket Item ("D.I.") 413.) I had previously entered a partial summary judgment order, ruling that Parallel Networks could not prevail on its theory of indirect infringement. (D.I. 367.) I also granted a motion in limine excluding Parallel Networks' damages theory as it pertained to direct infringement. (D.I. 406.) In the face of those rulings, the parties filed a joint stipulation seeking entry of final judgment. (D.I. 411.)

Currently before me is IBM's motion for attorneys' fees and costs under 35 U.S.C. § 285. (D.I. 415.) Having reviewed the briefing on this motion, and considering the parties' conduct during the course of litigation,[1] I conclude that this is not a case to be called "exceptional" and does not warrant the imposition of fees. I will therefore deny IBM's motion.

II. **Legal Standards**

Pursuant to 35 U.S.C. § 285, a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases[.]" In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court articulated the standards that courts should use to determine whether a case qualifies as "exceptional." 134 S. Ct. 1749, 1756 (2014). It

---

[1] For much of this case, including a period of contentious discovery, the matter was assigned to a different judge, so I was not directly involved, but I have considered the record.

2

held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position ... or the unreasonable manner in which the case was litigated." *Id.* Whether a case qualifies as "exceptional" is a question of judicial discretion. *Id.* When deciding whether a case is "exceptional," courts should consider the totality of the circumstances. *Id.* (recognizing that "there is no precise rule or formula for making these determinations" and that district courts should exercise "equitable discretion" (quotation marks and alteration omitted)).

Following *Octane Fitness*, the Federal Circuit has instructed that "[t]he ... purpose behind § 285 is to prevent a party from suffering a 'gross injustice'" and that "[t]he exercise of discretion in favor of awarding attorney fees should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration ... which makes it grossly unjust that the winner ... be left to bear the burden of his own counsel fees." *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (alterations and quotations omitted). In other words, "fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Id.* (quoting *Octane Fitness*, 134 S. Ct. at 1753).

### III. Discussion

Viewed in its totality, Parallel Networks' conduct over the course of this case does not qualify as exceptional. Based on the record, it appears that Parallel Networks succeeded in obtaining discovery that it demanded, worked to narrow the issues in the case, and presented at least one claim that withstood summary judgment. (D.I. 366.) Despite that, IBM presents four reasons why it believes this case is exceptional and

3

Parallel Networks should pay IBM's attorney fees. While I am not wholly unsympathetic to IBM's position, I am, in the end, unpersuaded.

First, IBM contends that "Parallel Networks' claims ... were frivolous and objectively baseless." (D.I. 416 at 14 (title capitalization removed).) I disagree. While it is true that the case did not proceed to trial, Parallel Networks' claims were not entirely and objectively baseless. Indeed, Parallel Networks defeated a motion for summary judgment on direct infringement, though it would have been limited to nominal damages had it won. (*See* D.I. 406 (rejecting Parallel Networks' damages theory on direct infringement).) Moreover, while IBM prevailed on summary judgment with respect to Parallel Networks' claims of indirect infringement (D.I. 366 at 14), and with respect to some of Parallel Networks' claims of direct infringement (*see id.* at 9), I do not think that Parallel Networks' position was so weak as to make this case qualify as exceptional under § 285.

Second, IBM argues that Parallel Networks "failed to conduct an adequate pre-suit investigation" before it filed suit. (D.I. 416 at 16 (title capitalization removed).) That assertion is countered by Parallel Networks' representation that five of its attorneys "conducted a pre-suit investigation that spanned 200 hours over nearly eleven months." (D.I. 429 at 4; D.I. 430 at 1-2.) Parallel Networks says that, over the course of its investigation, it reviewed previous litigation, drafted and evaluated claim charts for several IBM products, interviewed the inventor, and spoke with former litigation counsel.

4

(D.I. 430 at 2-4.)[2] I accept those representations and believe they are sufficient to show that the pre-suit investigation was enough to avoid the imposition of fees.

Third, IBM argues that "Parallel Networks pursued this case in a manner calculated to drive up IBM's costs" by "maintaining the suit after it became clear that it had no factual basis for its allegations." (D.I. 416 at 18.) But the support IBM provides for that contention is the assertion that Parallel Networks "did not withdraw its allegations" or remedy deficiencies IBM says were identified in its Answer, non-infringement contentions, and correspondence. (*Id.*) That argument is rebutted by the record, which shows that Parallel Networks did reduce the number of accused products and disputed claim terms, though not as quickly as IBM wanted. (*See* D.I. 431 Ex. 49 (Parallel Networks agreeing to drop several accused products from the case); D.I. 431 Ex. 48 (Parallel Networks agreeing to adopt IBM's construction of "dispatcher").) *See Callaway Golf Co. v. Slazenger*, 384 F. Supp. 2d 735, 747 (D. Del. 2005) (recognizing that "voluntary dismissal is generally deemed 'an indication of good faith.'" (quoting *Kastar v. K Mart Enterprises*, 1976 WL 21021, at *555 (E.D.N.Y. 1976)).

---

[2] In its reply brief, IBM cries foul and suggests that Parallel Networks' description of its pre-suit investigation "is at odds with" an interrogatory response and "is contrary to the sworn testimony of [Parallel Networks'] CEO[.]" (D.I. 435 at 3.) Parallel Networks attempted to justify its limited and incomplete interrogatory response by pointing out that it objected to the interrogatory "based on relevance, work product privilege, and attorney-client privilege." (D.I. 429 at 5 n.1.) While Parallel Networks' conduct may not have been exemplary, I do not think it justifies ignoring Parallel Networks' current account of its pre-suit investigation, nor do I think it provides an independent justification for awarding attorneys fees to IBM.

5

Finally, IBM maintains that it is entitled to fees because "Parallel Networks ... unreasonably ... pursu[ed] discovery that had no purpose other than to drive up IBM's costs of litigation." (D.I. 416 at 19.) To support that claim, IBM points to several discovery disputes, but Parallel Networks notes that several of those were resolved in its favor. (*Compare id.* at 19-20 (characterizing Parallel Networks' requests as unreasonable as they pertained to IBM's "SoftLayer," "Cloud Marketplace," and "Nationwide" products) *with* D.I. 431 Ex. 15 at 19-20, 38-42, 55-58 (Parallel Networks prevailing on its request to obtain discovery with respect to SoftLayer, Cloud Marketplace, and Nationwide products).) While Parallel Networks did not prevail on all of its discovery claims, IBM has not identified any reason to think that Parallel Networks' losses show that it operated in bad faith. Moreover, the fact that IBM was on the losing side of some of those discovery disputes cuts against its argument that Parallel Networks was unreasonable. *See Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1415 (Fed. Cir. 2004) (explaining that misconduct from the prevailing party can preclude that party from recovering fees under § 285); *cf. Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 ("[T]he conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry[.]").

In sum, I do not think IBM is entitled to fees and costs in this case. While Parallel Networks did not prevail, neither its conduct nor its positions were, in my view, "exceptional" under § 285.

6

## IV. Conclusion

For the reasons noted, IBM's motion for attorneys' fees and expenses is denied. An appropriate order follows.